# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ZVONEK,** | : | No. 3:20cv1185 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER BRANDON** | : | |
| **WALTERS, in his individual and** | : | |
| **official capacities; DICKSON CITY** | : | |
| **POLICE DEPARTMENT; DICKSON** | : | |
| **CITY; and  DEBRA BARTHOLD,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are two motions to dismiss Plaintiff Charles
Zvonek's complaint, one filed by Defendant Debra Barthold and the other filed by
Police Officer Brandon Walters, the Dickson City Police Department and Dickson
City (collectively "the Dickson City Defendants").  The motions are fully briefed
and ripe for disposition.

**Background**[1]

Plaintiff purchased a home located at 410 Center Street, Dickson City,
Scranton, Pennsylvania in or around 1994.  (Doc. 1, Compl. ¶ 11).  At the time of

---

[1] These background facts are derived from the plaintiff's complaint.  The court takes no
position as to the veracity of the alleged facts, but merely provides them as background for the
legal analysis which must be performed.

the home's purchase, plaintiff had a romantic involvement with Defendant Debra

Barthold.  (Id. ¶ 12).  Plaintiff added Barthold's name to the deed of the house.

(Id.)  In 1997, after plaintiff, a contractor by trade, refurbished the home, he

moved into it with Barthold.  (Id. ¶ 13).

In or about 2001, Defendant Barthold, ended the romantic relationship and

moved out of the home.  (Id. ¶ 14).  She resided with another man for

approximately the next fifteen (15) years. (Id.)  During that time, plaintiff remained

in the home and paid for its upkeep and utilities, which were all in his name.  (Id.

¶ 15).

Barthold's relationship with the other man eventually ended in September

2017, and she reported to plaintiff that she had nowhere to go.  (Id. ¶ 16).

Plaintiff allowed Barthold to reside with him at the home.  (Id. ¶ 17).

Around the same time, plaintiff became romantically involved with Heidi

Bassett, who began renting the property next door to the home.  (Id.)  This

relationship enraged Defendant Barthold.  (Id.)

The conflict between plaintiff and Barthold due to his new relationship with

Bassett escalated until November 7, 2017 when it erupted into a physical

altercation.  (Id. ¶ 20).  Both Barthold and plaintiff alleged that the other was

guilty of assault.  As a result, Barthold filed a petition for a protection from abuse

order ("PFA") under Pennsylvania law.  (Id. ¶ 21).  Judge Chester T. Harhut of

the Lackawanna County Court of Common Pleas entered a temporary "contact no hit" PFA, which allowed plaintiff to enter his home but precluded him from "harassing" Barthold.  (Id. ¶ 22).  Eventually, the court modified the PFA order and effectively evicted plaintiff from his home.  (Id. ¶ 25).  During this whole time period, plaintiff continued to pay for all of the utilities associated with the home.  (Id. ¶ 26).

Plaintiff later sought to have his name removed from the water bill connected with the home.  Barthold reported to the Lackawanna County District Attorney's Office that plaintiff accompanied the Pennsylvania American Water utility company to the home and persuaded the utility workers to shut off the water service.[2]  (Id. ¶ 27).  Authorities arrested plaintiff for violating the PFA due to "harassment".  (Id.)  Plaintiff was prosecuted and spent approximately twenty (20) days in jail for a PFA violation.  (Id. ¶ 29).  Eventually, plaintiff pled guilty to "indirect criminal contempt" to facilitate his release from prison.  (Id. ¶ 30).

After his release from prison, plaintiff contacted the gas utility via telephone to remove his name from the home's account as he no longer lived there and had been evicted pursuant to the terms of the PFA.  (Id. ¶ 32).  Defendant Barthold alerted the Dickson City Police and reported that plaintiff violated the PFA by contacting the gas company and removing his name from the gas account.  (Id. ¶

---

[2] Plaintiff maintains that the reports of him accompanying the utility workers is false. (Id. ¶ 27).

33a).[3]  As a result, Defendant Dickson City Police Officer Brandon Walters

drafted an affidavit of probable cause for plaintiff's arrest for indirect contempt of

the PFA order on July 10, 2018.  (Id. ¶ 33(b)).

The affidavit of probable cause stated that plaintiff had to "go through" the

District Attorney's Office with respect to "all matters related to" the home.[4]  (Id.)

Plaintiff was incarcerated for eight (8) days after his arrest.  (Id. ¶ 34).  Plaintiff

ultimately had a trial on the charge of indirect contempt of the PFA order for

contacting the gas company.  (Id. ¶ 35). The court found plaintiff guilty, and he

spent approximately sixty (60) days in incarceration. (Id. ¶ 38).  At the time,

however, the defendants knew that plaintiff contacting a gas company to remove

his name from an account did not, under the law, amount to a violation of the

PFA. (Id. ¶ 39).

Plaintiff appealed his conviction to the Pennsylvania Superior Court.  The

court reversed plaintiff's conviction.  (Id. ¶ 40).  The court held that as a matter of

law, turning off the gas does not constitute harassing conduct, and plaintiff

indicates that the "charges were discharged."  (Id.)  Based upon these alleged

facts, plaintiff instituted the instant civil rights action against the defendants.[5]

---

[3] Two paragraphs of the complaint are numbered 33.  For clarity, we will refer to them as 33a
and 33b.

[4] Plaintiff disputes that he had to go through the DA's office in such a manner. (Id. ¶ 33(b)).

[5] Originally, plaintiff named Lackawanna County Assistant District Attorney Gene Ricardo as a
defendant.  The parties stipulated to his dismissal on July 11, 2022, and we will not discuss the
causes of action against him.  (Doc. 75).

Plaintiff's complaint asserts the following five causes of action: Count I, malicious prosecution under 42 U.S.C. § 1983; Count II, malicious use and abuse of process under 42 U.S.C. § 1983; Count III, false arrest under 42 U.S.C. § 1983; Count IV, false imprisonment under 42 U.S.C. § 1983; and Count V, conspiracy to violate civil rights under 42 U.S.C. § 1985. (Doc. 1, Compl.). Plaintiff seeks declaratory relief, compensatory damages, attorneys' fees and punitive damages. (Id.)    All defendants filed motions to dismiss the plaintiff's complaint. The parties fully briefed their respective positions making the motion ripe for decision.[6]

In a filing with the court, plaintiff indicates that he consents to the dismissal of the following claims as to the Dickson City Defendants: abuse of process; municipal liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 1978), including failure to supervise and train; claims against Defendant Walters in his "official" capacity; declaratory relief; claims for injunctive and prospective relief; and the section 1985 conspiracy claims.[7]  Additionally, plaintiff

---

[6] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[7] Plaintiff indicates that he consents to dismissal of the "§ 1983 conspiracy" claim. (Doc. 73, Pl.'s Summ. Judge. Oppo. Br. at 11).  The complaint, however, does not allege a section 1983 conspiracy to violate civil rights. Rather the complaint asserts a section 1985 conspiracy claim. (Doc. 1 ¶¶ 54-57). Thus, the court finds that plaintiff's reference to the dismissal of section 1983 conspiracy is actually a reference to section 1985 conspiracy found in Count V of the complaint.

consents to the dismissal of the punitive damages claim against the City of Dickson and Dickson Police Department.  (Doc. 73, Pl.'s Summ. Judg. Oppo. Br. at 11).  Accordingly, these claims will be dismissed, and the court will proceed in analyzing the remaining claims: false arrest, false imprisonment, and malicious prosecution.

**Jurisdiction**

As plaintiff brings suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").   The court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

This case is before the court pursuant to defendants' motions to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A 12(b)(6) motion tests the sufficiency of the allegations in the complaint. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third

Circuit interprets <u>Twombly</u> to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom and view them in the light most favorable to the plaintiff.  <u>Morse v. Lower Merion Sch. Dist.,</u> 132 F.3d 902, 906 (3d Cir. 1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997); <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Two motions to dismiss have been filed, one was filed jointly by the Dickson City Defendants. (Doc. 11).  Defendant Debra Barthold filed the second

motion to dismiss.  (Doc. 31).  The court will discuss each motion separately beginning with the motion filed by the Dickson City Defendants.

## I. The Dickson City Defendants' Motion to Dismiss

The Dickson City Defendants raise seven issues in their motion to dismiss. After the plaintiff's consent to withdraw several causes of action, only the following three issues remain: qualified immunity as to Defendant Walters; whether probable cause support plaintiff's arrest; and whether the punitive damages claim against Defendant Walters should be dismissed.  The court will address these issues separately.

### A. Qualified Immunity as to Defendant Walters

The Dickson City Defendants argue that qualified immunity applies to Defendant Walters, and he should be dismissed from the case.  This portion of the motion to dismiss will be denied.  Also pending in this case is a motion for summary judgment which also raises the qualified immunity defense.  It will be more appropriate to address the qualified immunity claim in the summary judgment context as the court will be able to examine the evidence of record.

### B. Probable Cause

As noted above, plaintiff brings claims of false arrest, false imprisonment and malicious prosecution.  The parties agree that an element of each of these

8

claims is that the defendants acted without probable cause for plaintiff's arrest. The Dickson City Defendants argue that probable cause for plaintiff's arrest did exist, and therefore, these claims should be dismissed.   The court finds that dismissal of these claims is inappropriate at the motion to dismiss stage.

The complaint alleges that the plaintiff's arrest was made without probable cause.  (See Doc. 1, Compl. ¶¶ 41, 56, 49(b)).  It would be inappropriate to decide the probable cause issue with only reference to the complaint.  Rather, it will be more appropriate to address probable cause in the summary judgment context as the court will be able to examine the evidence of record to determine if there exists a genuine issue of material fact with regard to probable cause.

### C. Punitive Damages as to Defendant Walters

Each count of plaintiff's complaint seeks punitive damages.  The plaintiff has consented to the dismissal of the punitive damages claim against Defendant Dickson City and Defendant Dickson City Police Department, thus, as to the Dickson City Defendants, the punitive damages claim remains only directed to Defendant Walters.  Defendant Walters seeks the dismissal of this claim on the basis that the Complaint is devoid of any facts to establish the requisite evil motive or reckless indifference to Plaintiff's rights necessary to maintain a claim for punitive damages.  The court disagrees.

Punitive damages are appropriate when the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Here, plaintiff alleges that defendant acted with "malice" in violating plaintiff's federal rights. (Doc. 1, Compl. ¶¶ 41, 49).  For purposes of examining a complaint at the motion to dismiss stage, the court finds that plaintiff has sufficiently pled punitive damages, and Defendant Walters' motion to dismiss punitive damages will be denied.

## II. Defendant Barthold's Motion to Dismiss

Defendant Debra Barthold also filed a motion to dismiss the claims made against her. She first argues that to be liable under section 1983, she must be considered a state actor and that plaintiff has not alleged any facts in the complaint that would establish that requirement.  Defendant Barthold also moves specifically for dismissal of Count I, malicious prosecution under section 1983; Count II, malicious use and abuse of process under section 1983; Counts III and IV, false arrest and false imprisonment under section 1983; Count V, conspiracy to violate civil rights under section 1985; and the punitive damages claim.  The court will address each issue separately.

10

## A.  State Actor Requirement

The headings of Counts I, II, III, and IV of the complaint indicate that these counts are brought pursuant to 42 U.S.C. § 1983.  In pertinent part, section 1983 provides as follows:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of an rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress ....

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir.1998).

Defendant Barthold argues that because she is not a person acting under state law, the section 1983 claims found in Count I, Count II, Count III, and Count IV must be dismissed as to her.

Plaintiff counterargues that, although the headings in the complaint indicate that these causes of action are brought pursuant to section 1983, each count has a state common law counterpart, and the complaint contains allegations to

support these tort analogues.  For practical purposes, the court agrees, and although Defendant Barthold may not be liable as a state actor under the section 1983 claims, she can be held liable for common law claims.

Counts I, II, III and IV involve allegations of the following:  malicious prosecution; abuse of process; false arrest; and false imprisonment.  Generally, such causes of action can be brought under section 1983 or under state tort law. Here, the body of these counts do not specify their legal basis even though their headings indicate that they are brought pursuant to section 1983.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Moreover, "pleadings shall be so construed as to do substantial justice" FED. R. CIV. P. 8(e).  Pursuant to the liberal pleading standard of Rule 8, the court finds that plaintiff  has sufficiently alleged common law claims against Defendant Barthold in Counts I-IV of the complaint. See Cooper v. Muldoon, , Civ. No. 05-4780, 2006 WL 1117870 at *3 (E.D. Pa. April 26, 2006) (finding state claims included where complaint mentioned federal claims).

The claims are brought against all defendants, some of whom are clearly state actors and one of whom is not.  Pursuant to the liberal pleading standard of Rule 8, the court will read the complaint to assert section 1983 claims against the state actors, that is the Dickson City Defendants, and state law claims against

12

Defendant Barthold, who is not a state actor.[8]  Accordingly, Defendant Barthold's motion to dismiss on the basis that she is not a state actor will be denied.

## B. Malicious Prosecution

Count I of plaintiff's complaint asserts a cause of action for malicious prosecution. To establish a claim of malicious prosecution, the plaintiff must establish the following elements:

(1) the defendants initiated a criminal proceeding;

(2) the criminal proceeding ended in plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Here, Defendant Barthold argues that plaintiff has not properly pled that the criminal proceeding ended in plaintiff's favor and that the proceeding was initiated without probable cause.  For purposes of a motion to dismiss, the court disagrees.  The complaint specifically alleges, "Defendants instituted criminal

---

[8] The court could direct the plaintiff to file an amended complaint to make clear which claims he asserts against which defendants. To avoid further delay, it is useful to adopt the expansive view of the complaint proposed by the plaintiff rather than ordering an amendment.

proceedings against Plaintiff without probable cause and with malice[.]  The criminal proceedings were terminated in favor of Plaintiff."  (Doc. 1, Compl. ¶¶ 41-42).  Thus, plaintiff's motion to dismiss Defendant Barthold from these counts will be denied.

## C. Abuse of Process

Count II of plaintiff's claim asserts a malicious use and abuse of process claim against all the defendants including Defendant Barthold.  This count actually raises two causes of action, abuse of process and malicious use of process.  Malicious use of process is merely another term for malicious prosecution. Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977).  As discussed in the previous section, the malicious prosecution claim will not be dismissed.  Therefore, the court will proceed to an analysis of the abuse of process claim.

The Third Circuit Court of Appeals has explained the tort of abuse of process as follows:

> The Supreme Court of Pennsylvania has said that "[t]he gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it." McGee v. Feege, 517 Pa. 247, 535 A.2d 1020, 1023 (1987) (citing Mayer v. Walter, 64 Pa. 283 (1870)); see also Morphy v. Shipley, 351 Pa. 425, 41 A.2d 671, 674 (1945) (" 'An abuse is ... a perversion of [legal process].' " (quoting Mayer, 64 Pa. at 286)). A "perversion" of legal process occurs when a party uses the process "primarily to accomplish a purpose for which the process was not designed." Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila., 397 Pa. 274, 154 A.2d 585, 587 (1959).

14

> Generally speaking, to recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff. See Hart v. O'Malley, 436 Pa.Super. 151, 647 A.2d 542, 551 (1994); Rosen v. Am. Bank of Rolla, 426 Pa.Super. 376, 627 A.2d 190, 192 (1993).

Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003).

Here, the court finds for purposes of the motion to dismiss that the plaintiff has sufficiently alleged an abuse of process claim.  Plaintiff's complaint avers that the defendants (evidently including Defendant Barthold) knew that plaintiff had not violated the PFA by contacting the gas utility company on June 29, 2018 to remove his name from the account.  (Doc. 1, ¶ 39).  Regardless, Defendant Barthold notified the Dickson City Police that plaintiff had in fact violated the PFA by contacting the gas company and removing his name from the gas account.  (Doc. 1, ¶ 33a).   The complaint alleges a cantankerous relationship between the Plaintiff and Barthold and it could be inferred, based upon the facts alleged in the complaint, that Defendant Barthold contacted the police out of personal animosity toward the plaintiff and not because she believed he had violated the PFA.  Such an action can be considered a "perversion" of the legal process and is sufficient to allege an abuse of process.  Accordingly, the motion to dismiss Count II of plaintiff's complaint will be denied.

## D. False Arrest

Count III of plaintiff's complaint asserts a cause of action for false arrest. The elements of false arrest are generally the same as for malicious prosecution except "a claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007) (internal editing marks, quotation marks and citation omitted). Accordingly, for the reasons set forth above for malicious prosecution, the Defendant Barthold's motion to dismiss the plaintiff's false arrest claim will be denied.

## E. False Imprisonment

A claim for false imprisonment is alleged in Count IV of plaintiff's complaint. He alleges that he "was imprisoned by defendants without probable cause for said imprisonment." (Doc. 1, Compl. ¶ 49). As a result, he "expended monies including attorney's fees in defense of the criminal charges against him and was terminated from his employment." (Id. ¶ 50). Defendant Barthold moves to dismiss this claim.

To establish false imprisonment under Pennsylvania law, plaintiff must demonstrate that: (1) he was detained; and (2) the detention was unlawful. Gwynn v. City of Phila., 719 F.3d 295, 304 n.4 (3d Cir. 2013). Defendant Barthold argues that to sustain a cause of action for false imprisonment, plaintiff

16

must establish the absence of probable cause.  Because his complaint does not do so, she argues that this count should be dismissed.  The court disagrees. Plaintiff's complaint alleges an absence of probable cause based upon the facts asserted therein.  (Doc. 1 ¶ 49) (stating "Plaintiff was imprisoned by defendants without probable cause for said imprisonment.").  Thus, for purposes of a motion to dismiss, plaintiff has sufficiently alleged a cause of action for false imprisonment, and Defendant Barthold's motion to dismiss the false imprisonment count will be denied.

### F.  Conspiracy to Violate Civil Rights, 42 U.S.C. § 1985

Count V of plaintiff's complaint alleges a cause of action for conspiracy to violate civil rights under 42 U.S.C. § 1985.  To establish a conspiracy such as plaintiff alleges, he must demonstrate that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirator's action[.]" Bray v. Alexandria Women's Health Clinic, 506 U.S 263, 267-68 (1993) (internal citation, quotation marks and editing marks omitted).

Here, defendant argues that plaintiff has not pled any facts of discrimination on any grounds, racial or otherwise.  Therefore, the count should be dismissed. Plaintiff did not respond to this argument in his brief, and a review of the complaint reveals that plaintiff has not alleged the discriminatory animus that is

17

necessary to properly assert a claim for conspiracy to violate civil rights under 42 U.S.C. § 1985. Accordingly, Count V of plaintiff's complaint will be dismissed.

### G. Punitive damages

Lastly, Defendant Barthold attacks plaintiff's punitive damages claim. To establish punitive damages, plaintiff must show the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Here, plaintiff alleges that defendant acted with "malice" in violating plaintiff's federal rights. (Doc. 1, Compl. ¶¶ 41, 49). For purposes of examining a complaint at the motion to dismiss stage, the court finds that plaintiff has sufficiently pled punitive damages.

## Conclusion

For the reasons set forth above, the Dickson City Defendants' motion to dismiss will be denied. Defendant Barthold's motion to dismiss will be granted with respect to Count V – Conspiracy to Violate Civil Rights, under 42 U.S.C. § 1985 and denied in all other respects.

Further, pursuant to plaintiff's consent, the following claims will be dismissed against the Dickson City Defendants: abuse of process; municipal liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 1978)– including failure to supervise and train; claims against Defendant Walters

18

in  his "official" capacity; the claim for declaratory relief; claims for injunctive and

prospective relief; and the claim for section 1985 conspiracy.  Also pursuant to

the plaintiff's consent, the punitive damages claim against Dickson City and

Dickson Police Department will be dismissed.  (See Doc. 73 at 11).  An

appropriate order follows.

Date: 2/23/24

_____
JUDGE JULIA K. MUNLEY
United States District Court

19